BALDWIN, J.,
delivered the opinion of the Court.
The appellant incurred no responsibility to the appellee by his sale as trustee, under the deed of trust in the proceedings mentioned, of the land thereby conveyed. Acting as trustee, he sold at public auction, such property and such title only as were vested in him by the deed, according to the terms therein prescribed, without any warranty ; and it is not pretended that in Conducting and accomplishing the sale, he was guilty of any fraudulent act or misrepresentation, or even fell into any error or irregularity whatever. Nor does the appellee in his bill seek relief against him upon any other ground than the allegation, that a part of the proceeds, of the trust sale remain in his hands, and ought to be subjected to the equity asserted against the other defendants.
The equity asserted by the appellee is founded upon an alleged deficiency in the-tract of land conveyed by the trust deed,, arising out of an alleged defect in the title of Richard Hoomes, the grantor therein, to a part of the land embraced within the boundaries thereof. And if that equity can be established, it must be upon the supposition that the grantor and cestuis que trust in the deed are to be affected by such defect of title.
In this case, the question does not occur whether the purchaser at such a sale by the trustee, is' entitled to the benefit of a clause or covenant of warranty in the conveyance from the grantor to the trustee. Here there is no clause or covenant of warranty in the deed: And if the purchaser is entitled to relief, it must be upon the ground of a mistake in regard to the subject-matter of the contract.
We need not consider whether there may not be cases of mistake, in respect to the identity of land sold by the trustee with that conveyed by the grantor, which would be proper for relief in a Court of equity. Here if there was any mistake, it was not of that nature. The property sold was the identical property conveyed by the deed; and there was no room for any mistake, unless in regard to the validity of the grantor’s title. A mistake in respect to that matter, is no ground for relief to a purchaser, where he takes upon himself the risk as to the title, as he does when he purchases land without agreement, express or implied, for a conveyance with warranty of the title.
*The principle upon which equity relieves against a mistake in the estimated quantity of land sold, has no application to a case like this. The foundation of such relief is, that the price agreed upon by the parties must be presumed to have been influenced by the estimated quantity, unless it appears that they intended a contract of hazard; and the mistake is corrected not only in cases of deficiency, but also in cases of excess. Here there was no estimate of the quantity as bétween the trustee and the purchaser, but a mere statement thereof in the grantor’s conveyance to the trustee. That statement was mere matter of description, and was no element of the contract between the grantor and the *95 trustee, for which the consideration enured not from the trustee, but the cestuis que trust, and was in no wise dependent upon the supposed quantity of the land. The purpose of the conveyance was, that the property should be sold by the trustee, at all events, for whatever it would bring, and the grantor undertook no responsibility either as to title or quantity. If the quantity had turned out after the sale by the trustee to be greater than that mentioned in the deed, neither he, nor the grantor, nor the cestuis que trust, could have exacted from the purchaser compensation for the excess; and by parity of reason, they are not responsible for a deficiency.
There is no principle, therefore, -whether of defective title or deficient quantity, upon which the appellee is entitled to relief; and it is unnecessary to consider the other questions of law and fact which have been discussed at the bar. And the Court is of opinion, that the decree of the Circuit court is erroneous.
Decree reversed with costs, restraining order set aside, and bill dismissed with costs.